UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS HIDALGO,

        Petitioner,

    v.                               Case No.:  2:25-cv-01214-SPC-NPM

CHARLES PARRA, *et al.*,

        Respondents,

_____/

## OPINION AND ORDER

Before the Court is Carlos Hidalgo's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Hidalgo's reply (Doc. 5).

Hidalgo is a native of Cuba. He was admitted to the United States as a refugee in 1979, and his status was later adjusted to Lawful Permanent Resident. On April 13, 1999, Hidalgo was convicted of conspiracy to possess cocaine with intent to distribute. He completed his prison sentence in 2006, and Immigration and Customs Enforcement ("ICE") took custody of him. An immigration judge ordered Hidalgo removed to Cuba on March 23, 2006. Because ICE was unable to execute the removal order, it released him on an order of supervision. On December 16, 2025, Hidalgo reported to an ICE office as required by the order of supervision. ICE revoked his release and detained him in Alligator Alcatraz.

Hidalgo's petition asserts three grounds for habeas relief. In Count 1, Hidalgo asserts the respondents are violating his Fifth Amendment due-process rights by seeking to deport him to a country not identified in the 2006 removal order without adequate notice. In Count 2, Hidalgo claims he did not challenge the 2006 removal because be believed it would be unenforceable, and he asserts the government is violating his right to due process by attempting to execute it now. Finally, Count 3 asserts the respondents would violate Hidalgo's right to counsel if they transferred him out of this district. Notably, in his reply brief, Hidalgo states he is not challenging the length of his detention under *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001).

None of Hidalgo's claims warrant habeas relief. To start, they are not cognizable in a habeas action. "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). Hidalgo's claims are not challenges to the legality of his detention. Rather, Counts 1 and 2 challenge the manner in which the respondents are executing (or might execute) the removal order. Like the petitioner in *Dep't of Homeland Security v. Thuraissigiam*, Hidalgo "does not want 'simple release' but, ultimately, the opportunity to remain lawfully in the United States." 591 U.S. 103, 119 (2020). "Claims so outside the 'core' of habeas may not be pursued through habeas." *Id.* Count 3 is an attack on the conditions of Hidalgo's confinement. Claims challenging the conditions of confinement, rather than the fact or duration of

confinement, are not grounds for habeas relief.  *Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015).

Hidalgo's claims also fail for other reasons.  Count 1 is duplicative of a pending class action.  In *D.V.D. v. U. S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 335 (D. Mass. 2025), the district court certified the following class:

> All individuals who have a final removal order issues in proceedings under Section 240, 241(a)(5), or 238(b) of the INA (including withholding-only proceedings) whom DHS has deported or will deport on or after February 18, 2025, to a country (a) not previously designated as the country or alternative county of removal, and (b) not identified in writing or the prior proceedings as a country to which the individual would be removed.

*D.V.D.*, 778 F. Supp. 3d at 378.  The court enjoined DHS from removing class members to a country not identified in the removal order without providing notice and an opportunity to be heard.  *Id.* at 392.  The Supreme Court stayed the injunction pending appellate review.  *Dep't of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2153 (2025).  Even if Hidalgo's first count was proper for a habeas action, the Court would find dismissal appropriate because it duplicates the class-action claim in *D.V.D.*  *See Crawford v. Bell*, 599 F.2d 890, 892-93 (9th Cir. 1979).

The Court lacks jurisdiction to consider Count 2.  A jurisdiction stripping provision of the Immigration and Nationality Act ("INA") states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas

> corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged." *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020). Count 2 of Hidalgo's petition challenges DHS's decision to execute his removal order now, about 20 years after officials decided execution was not feasible. That is just the type of discretionary decision § 1252(g) bars this Court from second-guessing.

Finally, Count 3 is unripe. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). Hidalgo anticipates he will not have access to counsel if the respondents transfer him to another facility. But Hidalgo might not be transferred, and a new facility might afford him reasonable access to counsel. Count 3 is too speculative to warrant relief.

Hidalgo is not entitled to habeas relief based on any claim in his petition. Accordingly, it is

**ORDERED**

Carlos Hidalgo's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk is **DIRECTED** to terminate any pending motions and deadlines,

enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on January 15, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1